## Ex Parte Medina.

## Solicitud para que se expida mandamiento de Habeas Corpus.

No. 21.—Resuelto en Noviembre 25, 1903.

Desacato.—Mandamientos de Arresto.—En los casos de desacato la orden ó mandamiento de arresto deberá estar firmada por el Juez sentenciador, y hacerse constar en ella el acto ó actos constitutivos del desacato, la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia que se hubiere dictado, y la falta de dichos requisitos producirá la completa nulidad de dicha sentencia, quedando por consiguiente nulo y sin ningún valor el mandamiento de arresto.

Id.—La facultad de los Tribunales de Justicia para castigar los desacatos cometidos contra su autoridad, está sancionada por el artículo 7 del Código Penal, por cuya razón las disposiciones de este último no afectan en lo más mínimo á aquellas contenidas en la ley especial definiendo y penando el delito de desacato, no habiendo tampoco conflicto alguno entre ellas.

Id.—Acción Penal.—Las penas por desacato impuestas con arreglo á la ley especial sobre la materia, no impiden la acción penal que por el mismo delito pueda entablar el Fiscal de la respectiva jurisdicción.

### EXPOSICIÓN DEL CASO.

*Resultando:* que cumplimentado en forma el auto de *habeas corpus,* se celebró la vista de estas diligencias con asistencia del peticionario Don Julio Medina acompañado de su abogado defensor Don Santiago B. Palmer y del Fiscal de esta Corte Suprema que impugnó el recurso por las razones que estimó pertinentes á su derecho.

*Resultando:* que también se tuvieron á la vista en el mismo acto las actuaciones originales elevadas á esta Superioridad por el Tribunal del Distrito de Mayagüez del procedimiento seguido en aquella Corte contra Mr. Hobart S. Bird y Don Julio Medina por desacato al Tribunal que entendía en el juicio por jurados seguido contra Don Osvaldo Baez y de las que resulta que dictada la sentencia por el Presidente del Tribunal Don Arturo Aponte por la que se condenó al promovente Don Julio Medina á la pena de treinta días de arresto en la cárcel pública de Mayagüez y multa de doscientos dollars, y á Mr. Hobart S. Bird á diez y nueve días de la misma pena y cien dollars de multa y se

## Ex Parte Medina.

### Application for a Writ of Habeas Corpus.

No. 21.—Decided November 25, 1903.

ID.—CRIMINAL PROSECUTION.—Punishment for contempt of court inflicted under the special act does not bar a criminal prosecution for the same offense conducted by the *fiscal* of the proper jurisdiction.

#### STATEMENT OF THE CASE.

The writ of *habeas corpus* having been duly returned, the hearing thereon was had, the petitioner Julio Medina being present with his counsel, Santiago B. Palmer, as also the *Fiscal* of this Supreme Court, who opposed the granting of the writ for reasons deemed by him to be pertinent.

At this hearing the court had also before it the original record, transmitted by the District Court of Mayagüez, of the proceedings had before it against Hobart S. Bird and Julio Medina, for contempt of the court that had cognizance of the trial by jury of Osvaldo Baez. From this record it appears that after judgment had been rendered by the presiding judge of said court, Arturo Aponte, whereby the petitioner, Julio Medina, was sentenced to thirty days' imprisonment in the public jail of Mayagüez and to the payment of a fine of two hundred dollars, and Hobart S. Bird to nineteen days' imprisonment and a fine of one hundred dollars, and a warrant was ordered to be issued for the commitment of the defendants, the clerk of the District

ordenó que se librara mandamiento para el arresto de los acusados, se expidió por el Secretario de la Corte de Distrito de Mayagüez un mandamiento cometido al oficial encargado de la paz pública, autorizado sólo por el referido funcionario y en el que no se consignaban los actos constitutivos del desacato imputado, siendo en virtud de dicho mandamiento reducido á prisión el Medina en la cárcel pública de aquella ciadad bajo la custodia del Alcaide de dicho establecimlento penal.

Abogados del peticionario: *Sres de Diego* y *Palmer*.

·Abogado del Pueblo: *Sr. del Toro*, Fiscal.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que estando dispuesto por la sección 3.ª de la ley votada por la Asamblea Legislativa de esta Isla y aprobada en 1.º de Marzo de 1902, "definiendo el delito de desacato y disponiendo la pena correspondiente que siempre que alguna persona fuere multada ó encarcelada por des- acato á un tribunal deberá firmarse por el Juez sentenciador una órden ó mandamiento para dicha multa ó prisión, consignándose en el mismo, el acto ó actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia del Tribunal, sin lo cual dicha sentencia quedará entera- mente nula y sin efecto"; y no conteniendo el mandamiento librado para la prisión del peticionario Don Julio Medina los requisitos prevenidos en la citada sección 3.ª, pues ni está autorizado por el Juez sentenciador Sr. Aponte, ni contiene la relación de los actos constitutivos del desacato, es nula por disposición expresa de la ley la sentencia pronunciada por dicho Juez Sr. Aponte, y por consiguiente nulo y sin ningún valor el mandamiento librado para la ejecución de dicha sentencia en la persona del promovente Don Julio Medina.

*Considerando:* que no puede admitirse la teoría sustan- ciada por el Ministerio Fiscal en su informe escrito, de que

Court of Mayagüez issued a warrant to the official in charge of the public peace, authorized only by aforesaid clerk and failing to specify the acts constituting the contempt charged. In compliance with said warrant Medina was committed to the public jail of said city, in custody of the warden of said penal establishment.

*Messrs. de Diego* and *Palmer*, for petitioner.

*Mr. del Toro, Fiscal*, for the People.

' CHIEF JUSTICE QUIÑONES, after making the above statement of facts, rendered the opinion of the court.

Section 3 of the act of the Legislative Assembly of this Island, entitled "An Act defining the offense of contempt of court and providing for the punishment thereof", approved March 1, 1902, provides that "whenever a person is fined or committed to jail for contempt of court, an order or warrant for such fine or imprisonment must be signed by the judge delivering such sentence, setting forth the act or acts constituting such contempt, with the time and place of the commission thereof, and the circumstances thereof, and specifying the sentence of the court; otherwise such sentence will be wholly invalid and inoperative"; and as the warrant issued for the commitment of the petitioner, Julio Medina, does not contain the requirements prescribed in aforesaid section 3, for neither is it signed by the trial judge, Aponte, nor does it set forth the act constituting the contempt, the sentence pronounced by said Judge Aponte is null and void by express provision of the law, and therefore the warrant issued for the execution of said sentence upon the person of the petitioner, Julio Medina, is wholly invalid and inoperative.

The theory advanced by the Attorney General in his brief, to the effect that the act of the Legislative Assembly of this Island, defining and punishing the offense of contempt of court, has been repealed by the Penal Code, cannot

la ley de la Asamblea Legislativa de esta Isla definiendo y penando el delito de desacato esté derogada por el Código Penal, pues aparte de que no puede presumirse que entrara en la mente de la Asamblea Legislativa que una ley creada para robustecer y afianzar la autoridad y el prestigio de los Tribunales de Justicia, solo estuviera en uso temporalmente ó sea desde el 1º de Marzo de 1902 en que fué aprobada hasta el 1º de Julio del mismo año en que comenzó á regir el Código Penal, resulta por el contrario, que éste no la afecta en lo más mínimo, toda vez que con arreglo al artículo 6 del propio Código, nada de lo que en él se establece y consigna afecta á "ningún poder conferido por la ley á cualquier Consejo de Guerra autoridad ú oficial militar para imponer castigos á delincuentes, ni á ningún poder conferido por la ley á cualquier cuerpo, Tribunal ó funcionario público para castigar delincuentes"; de donde se deduce que entre esos poderes está indudablemente comprendido el que se confiere por la citada ley de la Asamblea Legislativa á esta Corte Suprema, á las Cortes de Distrito y á cualquier otro Tribunal análogo ó semejante debidamente establecido en Puerto Rico, para castigar los desacatos cometidos contra su autoridad, bien se cometan á su presencia, ó en cualquier otra forma de las que la misma ley determina.

*Considerando*: que esta doctrina la robustece y confirma la propia ley de la Asamblea Legislativa al disponer en su sección 3ª que la pena por desacato impuesta con arreglo á dicha sección no impedirá la acción penal que el por el mismo delito entablare el Fiscal de la respectiva jurisdicción, pero que cuando una persona así castigada resultare convicta en la causa adicional que se le siguiere, el Tribunal, al sentenciar, tomará en cuenta el castigo impuéstole anteriormente con arreglo á dicha ley, de donde se deduce lógicamente que entre ambas leyes no existen disposiciones contradictorias ó en conflicto, sino que por el contrario se armonizan y concilian perfectamente, y que ambas fueron dictadas por la Asamblea Legislativa con el propósito de que subsistieran conjunta y simultaneamente.

*Considerando*, por tanto, que siendo ineficaz y nulo el mandamiento librado para la prisión del promovente Don

Julio Medina está el caso comprendido en el número 3? del artículo 483 del Código de Enjuiciamiento Criminal y que no es posible duplicar el mandamiento como lo propone el Ministerio· Fiscal en su escrito, porque habiendo quedado anulada y sin ningún valor la sentencia pronunciada por el Juez Sr. Aponte, nulo é ilegal resultaría cualquier mandamiento que se librara para su ejecución.

*Vistas* las disposiciones legales citadas y la resolución de esta Corte Suprema de 1? de Mayo de 1903, en otro caso análogo promovido por Mr. Hobart S. Bird á virtud de sentencia pronunciada contra él por el Tribunal del Distrito de San Juan por el mismo delito de desacato. Se declara con lugar la solicitud de excarcelación presentada por el promovente de estas diligencias Don Julio Medina y en su consecuencia quede definitivamente en libertad, cancelándose la fianza que tenía prestada.

Juez concurrente : Sr. Hernández.

El Juez Asociado Sr. Sulzbacher concurrió también fundando su voto en las razones expresadas en su opinión emitida en el·caso No. 22 de Ex parte Bird.

Juez disidente : Sr. MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de esté caso.

----

### *Opinión disidente del Juez Asociado Sr. MacLeary.*

La presente es una solicitud para *habeas corpus* hecha por Julio Medina, para ser absuelto de la pena de arresto impuesta por un desacato contra la Corte de Distrito de Mayagüez. La ofensa consistió en un artículo que apareció en el "San Juan News", y Bird, el Editor de dicho periódico, fué multado y encarcelado al mismo tiempo con Medina, el corresponsal. En mi parecer ambos detenidos debían haberse reenviados á la custodia, por las razones expresadas detenidamente en la causa de Bird, la que fué argumentada al mismo tiempo; siendo ambas causas casi iguales, en cuanto á las razones en que se funda este dictámen.